Billy C. Wilkins #817648
1050 W. Commerce
Brownwood, Texas 76801

39,583-44

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 20 2015

Abel Acosta, Clerk

Mr. Abel Acosta, Clerk

In Re: State of Texas V. Billy Charles Wilkins
WR-39,583   Trl. Ct. No. 13,872

I have for years been proving to you and your Court of my wrongful conviction. I don't understand why your being so difficult when your not the district attorney or the State of Texas who continues to hold me incarcerated illegally. I'm having difficulty here with the jail administrator to have copies made of need records to support my Petition for a Writ of Mandamus. The Court records (Statement of Facts) you'll find in defendants exhibits Deputy Sheriff Vance Hill's investigation report referenced in this petition. Many many applications for a writ of habeas corpus are attached as an exhibit the Prosecuting Attorney's Complaint for an arrest warrant. I'm quiet sure you have in your record the indictment. This petition for a Writ of Mandamus addresses issues proving the trial court lacked jurisdiction.

The very judge of your court, the Honorable Judge Elsa Alcala in Ex parte Sledge, 2013 Tex. Crim. App. LEXIS 156 (Tex. Crim. App. January 16, 2013), The majority opinion drew a well reasoned dissent from Judge Alcala who concluded that the Court had jurisdiction to address applicant's subsequent writ because (1) the requirements governing subsequent writs do not apply to a claim that the trial court lacked jurisdiction and, alternatively, (2) if those requirements do apply, a jurisdictional claim raises a constitutional violation that satisfies the procedural requirements so as to permit review.

I kindly ask that you please provide the complaint, investigation report and indictment with this petition then file the petition with your court then bring the matter to the attention of your court.

Thank you for your time and help with this matter.

This document contains some pages that are of poor quality at the time of imaging.

Respectfully submitted
Billy C. Wilkins

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

BILLY CHARLES WILKINS
       PETITIONER

Vs.                             CAUSE NO. _____

THE STATE OF TEXAS


## PETITION FOR WRIT OF MANDAMUS


TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, BILLY CHARLES WILKINS, Petitioner in the above entitled and numbered cause, and moves the Court to order a en banc proceeding in consideration of this petition for writ of mandamus because of an illegal judgment and sentence and petitioner will show unto the Court the followering:

## I.

### JURISDICTION

    This Honorable Court has jurisdiction to address the issues raised pursuant to Texas Rules of Appellate Procedure Rule _____.

## II.

### FACTS ABOUT THE CASE

    On the 12th day of June, 1995, petitioner was arrested by the Brown County Sheriff's Office as a suspect to a burglary of a habitation. No warning hearing was held by any magistrate of the county, as required by Article 15.17, V.A.C.C.P. On the 11th day of July, 1995, a grand jury filed an indictment charging petitioner on or about the 12th day of June, 1995, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally, without the effective consent of Samantha Gober, the owner thereof, enter a habitation, and did attempt to commit and commit theft of property, namely: a VCR, a satellite receiver, and guns, without the effective consent of the owner of said property, namely Samantha Gober;

On the 14th day of May, 1996, a jury found petitioner guilty for the under-lying offense and sentence petitioner to a term of ninty nine (99) years imprisonment. On the 15th day of May, 1996, Judge Ernest Cadenhead in and for the 35th Judicial District Court pronounced sentence and entered a judgment for the term of ninty nine (99) years imprisonment. On the ___ day of November, 1996 petitioner appealed his conviction to the Eleventh Court of Appeals. Upon ten points of error petitioner's conviction was affirmed by the Eleventh Court of Appeals. No PDR was filed. Petitioner has presented to the 35th Judicial District Court ten (10) applications for a writ of habeas corpus. One application was denied by the Court of Criminal Appeals. Nine subsequent applications were dismissed without written order by the Court of Criminal Appeals. On application WR-39583-10 the Court of Criminal Appeals issued a order citing petitioner for abuse of the writ. Petitioner in numerous subsequent applications for a writ of habeas corpus challenged his conviction pursuant to having been denied effective assistance of trial counsel in failing to investigate the facts and present evidence in which proves petitioner is innocent of the crime in which he was charged and failed to present evidence in which proves the indictment is fatally defective that failed to invoke the trial courts jurisdiction.

### III.

### GROUND OF ERROR ONE

### ACTUAL INNOCENCE

Petitioner challenges his conviction on the basis that trial counsel was ineffective because he failed to investigate the facts established in the investigation report of deputy sheriff Vance Hill and inform the court the state could not establish fact petitioner committed the offense for burglary of a habitation.

Penal Code Chapter 30. BURGLARY AND CRIMINAL TRESPASS

Section 30.02 BURGLARY

(a) A person commits an offense if, without the effective consent of the owner, the person:

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

The investigator in his statement said:

The complainant went to her residence at the above date and time. This is unusual for anyone to be at the residence this time of day. When the complainant was driving up to the residence she saw the front door was open. As she got close to her house she saw a Dodge pickup, gray in color, parked in front of the house. She had never seen the vehicle before. She then saw a white male walking in front of the Dodge pickup with some long guns in his hands. The white male with blonde hair dropped the guns infront of the Dodge pickup. He then jumped into the driver's seat and drove away. The complainant pursued the suspect. The W/M appeared to be the only person in the pickup. The complainant pursued the suspect south on Hwy. 279 to the Grosvenor area and down some county roads. The pursuit lasted several minutes and the suspect was lost in the southeastern portion of Coleman County. The complainant was on a cellular phone giving the direction of travel. She was able to get the LP off the suspect vehicle, it being TX 6713TX. The suspect vehicle was further described as being gray in color with a maroon bottom.

Up to this point in the investigation report the complainant had not described a person. A white male with blonde hair does not identify a person.

As the report goes on:

There were several deputies & other law enforcement officers from Brown & Coleman counties in the area, searching for the suspect vehicle. A short time later Texas Ranger Bobby Grubbs located the suspect vehicle near Bangs, Texas. The described suspect was driving the vehicle. The vehicle was stopped by Ranger Grubbs and the suspect was taken into custody. Deputy Mercer, Deputy McCoy & DPS Sgt. Roy Parrack were still on the scene of the arrest.

The so called suspect vehicle stopped by Texas Ranger Bobby Grubbs wasn't identified to establish as a fact the same vehicle pursued by the complainant. The only description given of a person was a white male with blonde hair. Therefore the report does not comply with the statute of a person.

Second: (a) A person commits an offense if, without the effective consent of the owner, the person:

(3) enters a building or habitation.....

The narrator of the investigation report clearly establishes on page four of his report, "The disturbed weapons, TV and house as well as the said footprint, were photographed by Deputy Neal. No identifiable prints were located.

The report does not comply with the statute of a person commits an offense if, without the effective consent of the owner, the person:

(3) enters a building or habitation.....

Third: (a) A person commits an offense if, without the effective consent of the owner, the person:

(3) enters a habitation or building and commits or attempts to commit a felony, theft, or an assault.

The narrator of his report clearly establishes on page three of his report that: "When Wilkins was arrested officers did locate an RCA VCR and a digital Satellite System receiver. Both were later identified by the complainants.

However, the report does not comply with the statute if the person:

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault because petitioner was not found in possession of the VCR and a satellite receiver in which belong to the complainants.

Trial counsel was ineffective because the State could not meet its burdon of proof from the investigation offense report that petitioner violated the penal statute § 30.02(a)(3) as accused. Although the prosecution could not meet its burdon of proof from the investigation report that petitioner violated the penal statute § 30.02(a)(3) he framed a complaint and applied before Justice of the Peace Ronnie Lappe for an arrest warrant in which brings the reasoning for ground of error two.

## IV.

## GROUND OF ERROR TWO
### ARREST WAS NOT BASED ON PROBABLE CAUSE

Petitioner challenges his conviction on the basis that trial counsel was ineffective because he failed to investigate the facts established in the prosecuting attorney's complaint of deputy sheriff Vance Hill and inform the court the state could not establish fact petitioner committed the offense for burglory of a habitation because the arrest warrant was not based on probable cause.

In this instant cause, petitioner asserts that the affidavit lacked "factual information to show the underlying basis" on which a warrant could issue. The complaint is wholly conclusory. There are factual conclusions, but as in Knox v. State, 586 S.W. 2d 504, 506 (Tex. Crim. App. 1979), no 'actual basis' for those conclusions.

Affiant 'Vance Hill' recites that he has good reason to believe and does believe that heretofore; to-wit, on or about the 12th day of June, 1995, and before the making and filing of this complaint, in the County of Brown and State of

Texas,

Billy Charles Wilkins, hereinafter styled Defendant,

did then and there intentionally, without the effective consent of Samantha Gober, the owner thereof, enter a habitation, and did attempt to commit and commit theft of property, namely: a VCR, a satellite receiver, and guns, without the effective consent of the owner of said property, namely Samantha Gober; Against the Peace and Dignity of the State.

The defect of such a complaint is, of course, that while it adequately apprises the magistrate of the recently administered oath, it says nothing whatsoever about how affiant came to have such knowledge or how affiant reached such a conclusion; speculation is as likely an explanation as investigation. While the 'complaint' may have the statutory requirements for procedural validity, it lacks the necessary indicia of reliability demonstrated by facts showing probable cause for the magistrate to have made a proper evaluation for the allegations before issuing the warrant. It is in the form of a charge, not a supporting affidavit. There being no probable cause set forth in the complaint, the arrest of petitioner was illegal. Green V. State, 615 S.W. 2d 700 (Tex, Crim. App. 1981); Miller V. State, 736 S.W. 2d 643 (Tex. Cr. App. 1987); Gordon V. State, 801 S.W. 2d 899 (Tex. Crim. App. 1990).

Trial counsel was ineffective because the State could not meet its burden of proof from the investigation offense report that petitioner violated the penal statute § 30.02 (a)(3) as he accused in the complaint for an arrest warrant. Even though the prosecution could not meet its burden of proof from the investigation report to declare that petitioner violated the penal statute § 30.02 (a)(3) and framed the complaint to apply for an arrest warrant he done so by changing the affiants information by declaring 'located in the vehicle was a VCR, and a satellite receiver', that isn't true by facts in the investigation report then amend the affidavit of

his affiant, that brings the reason for ground of error three.

## V.

## GROUND OF ERROR THREE
### THE TRIAL COURT DID NOT HAVE JURISDICTION

Petitioner challenges his conviction on the basis that trial counsel was ineffective because he failed to investigate the facts established in the prosecuting attorneys complaint of deputy sheriff Vance Hill and inform the court the state could not establish fact petitioner committed the offense for burglary of a habitation until the state amend the affidavit of affiant Vance Hill to become the accusor for the burglary of a habitation offense.

The first precursor to Article 21.22, V.A.C.C.P., was codified in 1858 as O.C. 404; since settled in Texas law is an unerringly upheld prerequisite to validity of an information, viz:

"A variance between the information and the complaint on which it is based as to the date when the offense was committed is fatal to the validity of the information."

1 Branch's Annotated Penal Code (2d Ed. 1956) 456, § 455.

Of equal antiquity is a corollary rule: "The allegation of the date when the offense was committed is a matter of substance and not of form and cannot be legally amended." Id., § 457. More specifically, where a prosecuting attorney sought and after hearing obtained leave of court to amend a complaint to correct the stated date of the offense, the Court ruled:

"....We know of no statute or authority of law under which this proceeding can be validated. Time as to the date of the offense, both in the complaint and information, is matter of substance, and not of form, and it cannot be corrected or amended simply upon motion, and by an order of the court. [citations omitted].

Huff v. State, 23 Tex. Appr. 291, 4 S.W. 890 (1887).

Similarly, the error in this cause was committed when the affiant failed to comply with the statutory and judicially-created requirements for a valid complaint because the complaint did not state that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense as required by Article 15.05 requisite two, as opposed that the complaint was amended to reflect the charge as stated in information." Huff v. State, supra, 4 S.W. at 892 (ruling of the court in permitting county attorney to amend complaint as to date of offense "manifestly erroneous").

Such a variance between complaint and information is "fatal to the validity of the information - not the complaint." Acevedo v. State, 483 S.W.2d 459, 460 (Tex. Cr. App. 1972); Thomas v. State, 474 S.W.2d 236, 237 (Tex. Cr. App. 1971); Harrison v. State, 297 S.W.2d 823, 824 (Tex. Cr. App. 1957); Wheat v. State, 172 Tex. Cr. R. 259, 356 S.W.2d 323 (1962); Bayless v. State, 136 Tex. Cr. R. 1, 123 S.W.2d 354 (1939) (difference of one day).

The rule was so well established by the former court of appeals that opinions after 1891 routinely followed it without further explication. But there are strong public policy considerations dictating the rule.

An information on an indictment is a "primary pleading in a criminal action on the part of the State," Article 27.01, V.A.C.C.P., a written pleading in behalf of the State drawn, filed and presented by a prosecuting attorney charging an accused with an offense that may be prosecuted under the law. Article 21.02 V.A.C.C.P. In order to "protect its citizens from the inherent dangers arising from the concentration of power in any one individual," Kennedy v. State, 161 Tex. Cr. R. 303, 276 S.W.2d 291 (1955) (Opinion on Motion for Rehearing, at 664), the Legislature precluded a prosecutor from presenting any information, even upon an indictment, "until affidavit has been made by some credible person charging the defendant with an offense," and also mandated, "The affidavit shall be filed with the information." Article 21.22, supra. Such an affidavit is, of course, a complaint within the meaning of Article 15.04 V.

A. C. C. P. "In other words, a prosecuting attorney is not authorized to institute prosecutions in the county court or the district court upon his independent act or of his own volition." Kennedy v. State, supra, 276 S.W. 2d at 294, (county court). One may not be "both the accuser and the prosecutor in misdemeanor or felony cases." [citations omitted].

Because an information must be based upon a complaint, and the offense stated in the former "must be characterized by and correspond with that stated in the affidavit," Davis v. State, 2 Tex. App. 184 (Ct. App. 1877), it is the affidavit, not the information, that specifies the offense alleged to have been committed. Since the affidavit must be and was made by a credible person other than a prosecuting attorney, it also follows that only the affiant may "amend" his affidavit. To allow the prosecuting attorney to purport to "amend" the affidavit of another would make the prosecutor the accuser.

Affiant `Vance Hill' recites, that he has good reason to believe and does believe that heretofore; to-wit, on or about the 12th day of June, 1995, and before the making and filing of this complaint, in the County of Brown and State of Texas, Billy Charles Wilkins, hereinafter styled Defendant,

Petitioner contends the trial counsel violated his right to a fair and impartial trial by failing to file a motion to quash both the information and the complaint alleging that the affidavit failed to comply with the statutory and judicially-created requirements for a valid information and complaint because the document did not state that the accused has committed some offense against the laws of the State, either directly, or that the affiant has good reason to believe, and does believe, that the accused has committed such offense, Article 15.05, §2, V.A.C.C.P.

The information recites, did then and there intentionally, without the effective consent of Samantha Gober, the owner thereof, enter a habitation, and did attempt to commit and commit theft of property, namely: a VCR, a satellite receiver and

guns, without the effective consent of the owner of said property, namely: Samantha Gober;

Against the Peace and Dignity of the State.

A valid complaint is a prerequisite to a valid information, Tex. Code Crim. Proc. Ann. art 21.22 (West 2006); Villarreal v. State, 729 S.W. 2d 348, 349 (Tex. App—El Paso 1987, no pet.). The purpose of a complaint is to apprise the accused of the facts surrounding the offense with which he is charged so that he may prepare a defense., Vallejo v. State, 408 S.W. 2d 113, 114 (Tex. Crim. App. 1966); Kindley v. State, 879 S.W. 2d 261, 262 (Tex. App.—Houston [14th Dist.] 1994, no pet.). The particularity in pleading that is required for an indictment or an information is not required for a complaint.

Here the prosecuting attorney omit the facts surrounding the offense with which he is accused, then "amend" the affidavit by the use of the particularity in pleading that is required for an indictment that allowed the prosecuting attorney to be the accuser for the theft and burglary charge.

The indictment in this case recites, Billy Charles Wilkins, hereinafter styled Defendant on or about the 12th day of June, 1995, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally, without the effective consent of Samantha Gober, the owner thereof, enter a habitation, and did attempt to commit and commit theft of property, namely: a VCR, a satellite receiver, and guns, without the effective consent of the owner of said property, namely: Samantha Gober;.

Petitioner argues his rights under Article 1, Section 10 of the Constitution of the State of Texas, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States was violated when trial counsel failed to file the Motion To Quash Indictment because prosecuting attorney is not authorized to institute prosecutions in the district court upon his indepent act or of his

own volition.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that the court a en-banc proceeding in consideration of this petition for a Writ Of Mandamus order that petitioner is entitled to a Writ of Mandamus because of an illegal judgment and sentence being entered into record against him by a trial court that lacked jurisdiction.

## VI.

## INMATE DECLARATION

I, Billy Charles Wilkins being presently incarcerated in the Brown County Jail at 1050 W. Commerce, Brownwood, Texas 76801 declare under the penalty of perjury that the foregoing Petition For A Writ of Mandamus is true and correct to the best of my knowledge.

Signed on the 17th day of November 2015.

Respectfully submitted,

Billy C. Wilkins  Pro-Se